■ MYERTIN 30 REALTY DEVELOPMENT CORP., Respondent, v RICHARD OEH-LER et al., Individually and Constituting the Planning Board of the Town of Somers, et al., Respondents, and JOSEPH LIETO et al., Intervenors-Appellants. — In a proceeding pursuant to CPLR article 78 (1) to compel the Planning Board and the Highway Superintendent of the Town of Somers to sign the final linen copies of the subdivision plans for petitioner's proposed subdivision and (2) to declare that Hollywood Place, located in Granite Springs, Town of Somers, is a town road within the meaning of section 189 of the Highway Law, Joseph and Barney Lieto appeal from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Wood, J.), dated August 6, 1979, as denied their application to be included in this proceeding as "party defendants" and determined that "Hollywood Place, as presently existing, is * * * a town road to the line of the petitioner's property." Order and judgment reversed insofar as appealed from, without costs or disbursements, and motion of Joseph and Barney Lieto to intervene as "party defendants" is granted. The proposed answer submitted by movants shall be deemed to have been served by them. Petitioner, if so advised, may serve a reply within 20 days after service upon it of a copy of the order to be made hereon, with notice of entry. The case is remitted to Special Term for a hearing on the issues raised by the pleadings. Joseph and Barney Lieto and their cousins are homeowners whose land borders on Hollywood Place in the Town of Somers, New York. Immediately to the south of Hollywood Place is a large tract of land originally purchased by the Urban Development Corporation a "short time" prior to June, 1979. That corporation had planned to develop the property. Ingress and egress to the land was to be through a right of way leading to Mahopac Avenue, a major highway in Somers. Thereafter, the Urban Development Corporation abandoned its plans to develop the property and, on or about April 23, 1975, sold the land to petitioner, Myertin 30 Realty Development Corp. (then known as Somers 30 Corporation). Myertin planned to subdivide the property and to build some 23 homes in the development. On or about December 3, 1975, petitioner filed an application with the Planning Board of the Town of Somers to develop the land. The application provided for the development to be in three sections. Subject to certain modifications and conditions, Section No. 1 was approved by the planning board on January 10, 1979, and Section Nos. 2 and 3 were approved on February 14, 1979. These approvals were made after public hearings. Petitioner's subdivision plan for Section No. 3 provided for the laying out of a north-south street also to be known as Hollywood Place. The Hollywood Place in the subdivision would run into the existing Hollywood Place at the north border of the Section No. 3 subdivision. The record establishes that there was a question as to title to the existing Hollywood Place, and whether

that street, at the north of the subdivision Hollywood Place, was a town road or a private road. Apparently, based upon this uncertainty, the planning board — without holding a further public hearing — issued an addendum to its approval of petitioner's Section No. 3 subdivision plat. That addendum provided: "NINTH: The road pavement of Hollywood Place in Section III shall be extended by the developer northerly beyond said development boundary to connect with the existing pavement of the northerly section of Hollywood Place which is considered to be a Town Road. If the Town Board determines that such action listed above is not defendable nor is condemnation desirable said roadway in Hollywood Place shall terminate in a temporary cul-de-sac contiguous to the northerly boundary of Section III." Notwithstanding the approval by the planning board, the highway superintendent of the town refused to indorse the linen copies of the plat plan for Section No. 3 because he objected to the construction of a temporary turnaround (cul-de-sac) at the northerly end of the proposed Section No. 3 Hollywood Place. The highway superintendent wanted the subdivider to complete the construction of the proposed Hollywood Place to connect with the existing Hollywood Place. Petitioner then instituted this proceeding. Barney Lieto moved for an order directing that he and his brother Joseph Lieto be permitted to intervene and answer as "party defendants". In support of the motion Barney Lieto averred that he and his brother Joseph and certain named cousins "are the only homeowners, whose land borders [the existing] Hollywood Place", and that road "is not a public road, and by reason thereof [neither], the Planning Board nor the Town of Somers has any jurisdiction to widen or open said road." Lieto set forth the purported history of that roadbed and the land in which it is contained. He further averred that "this road leads nowhere and was created and built by the residents whose land abuts the road and was never intended for public use. It was never a highway but merely a cul-de-sac"; that (for stated legal reasons) the town never acquired title to the road; that because of a claim by the developer that the original plan for exit onto Mahopac Avenue was too costly, the planning board gave approval for a temporary cul-de-sac at or near the actual Hollywood Place; that he has no objection to that arrangement, but the highway superintendent wrongly refuses to sign the final linen plans with the cul-de-sac arrangements; and that he does not object to the petition insofar as it would direct the superintendent to sign the plans with the cul-de-sac arrangement, but he does object to the petitioner's request that the existing Hollywood Place be declared a public road. Claiming adverse possession at the southern end of the existing Hollywood Place, Lieto further averred that his home along Hollywood Place is only 15 feet from the present road — which is 20 feet wide; that if the existing Hollywood Place is approved as a means of ingress and egress to the Hollywood Place proposed for the subdivision, his home will be less than five feet from the new 40-foot roadway; and that the proposed road would encroach upon the privacy of, and be a danger to, the present homeowners along the existing Hollywood Place. It was averred that although Hollywood Place was shown as a planned road on an original 1930 subdivison map of the area, that map was later disclaimed and nullified by a filed document. In opposition to the motion to intervene, petitioner presented evidence to the effect that the legal history of that road and the town's actual dominion and use of it, establish that Hollywood Place had been irrevocably dedicated to and accepted by the town and is a public road. These contentions were buttressed by presentation of the original 1930 subdivision map containing the existing Hollywood Place; a history of conveyances (including the deed to Barney Lieto) referring to the subdivision map and to Hollywood Place; and evidence that the town had plowed snow from Hollywood Place, and broken through a wall at its terminals. It was also asserted that the purported

disclaimer of the 1930 subdivision map was invalid. In rendering its decision, Special Term made an extensive analysis of Lieto's contentions and petitioner's responses thereto; summarily resolved all of the issues against Lieto; denied the motion to intervene; declared "Hollywood Place, as presently existing [to be], a town road to the line of petitioner's property"; and directed the planning board and the highway superintendent "to endorse forthwith approval of petitioner's plat plans Sections 1, 2 and 3". In effect and pragmatically speaking, Special Term, while denying the motion to intervene, examined the merits of that motion, treated it as having been granted, and then directed summary judgment as a matter of law against the movants. We find, however, that movants had made out a proper case for intervention. The proceeding involved title to property and movants would be affected adversely by the judgment (CPLR 1012). The motion should have been granted; the many conflicting issues can be resolved only after a plenary hearing. Our disposition renders it unnecessary to reach, on this appeal, the question of whether the planning board's issuance of its April 10, 1979 addendum to the approval of Section No. 3 was in contravention of article 7 of the Public Officers Law (Open Meetings Law). Mollen, P. J., Hopkins, Titone and Weinstein, JJ., concur.